UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BOBBY EARL PIERCE | CIVIL ACTION |
| VERSUS | NO: 06-9920 |
| ALLSTATE INSURANCE COMPANY, ET AL. | SECTION: "J"(2) |

### ORDER

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed **and** a copy be delivered to chambers eight days prior to the date set for hearing of the motion.  No memorandum in opposition to William E. Washington and William E. Washington Inc.'s Motion for Summary Judgment (Rec. Doc. 10), set for hearing on June 27, 2007, was submitted timely.[1]  Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the Court that the motion has merit,

---

[1] The Court notes that the hearing on this motion was originally set for June 13, 2007.  A timely opposition was not received for that hearing date.  When a timely opposition was not received, the Court called Plaintiff's counsel, who subsequently filed a motion to continue the hearing to June 27, 2007, which the Court granted.  Again, Plaintiff's counsel failed to submit a timely opposition.  After another call to Plaintiff's counsel, he requested leave to file an opposition outside of the time limits.  However, this opposition was declared deficient (as it did not include a proposed order as required by the local rules).  This deficiency has yet to be corrected.

**IT IS ORDERED** that the **William E. Washington and William E. Washington Inc.'s Motion for Summary Judgment (Rec. Doc. 10)** is **GRANTED**.  Accordingly, all claims against defendants William E,. Washington and William E. Washington, Inc. are dismissed with prejudice at Plaintiff's costs.

**IT IS FURTHER ORDERED** that **Motion for Leave to File Supplemental Memorandum (Rec. Doc. 15)** is **DENIED as moot**.

A motion for reconsideration of this order based on the appropriate Federal Rule of Civil Procedure, if any, must be filed within thirty days.  The motion must be accompanied by an opposition memorandum to the original motion.  Because such a motion would not have been necessary had a timely opposition memorandum been filed, the costs incurred in connection with the motion, including attorney's fees, may be assessed against the party moving for reconsideration.  <u>See</u> Fed. R. Civ. P. 16.

New Orleans, Louisiana, this 26th day of June, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE