```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

BOBBY EARL PIERCE                           CIVIL ACTION

VERSUS                                      NO: 06-9920

ALLSTATE INSURANCE COMPANY                  SECTION: J(2)
```

**ORDER AND REASONS**

Before the Court is Defendant Allstate Insurance Company's ("Allstate") **Motion for Summary Judgment (Rec. Doc. 31)**, in which Allstate asserts that the "Windstorm and Hail Exclusion" endorsement in Plaintiff's insurance policy excludes the damages for which Plaintiff now sues.

This motion, which is opposed, was set for hearing on February 6, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Allstate's motion should be granted.

**Background Facts**

Plaintiff's property was covered by a policy of homeowner's insurance issued by Allstate. After Hurricane Katrina damaged Plaintiff's home in August 2005, he submitted a claim to

Allstate. Allstate denied coverage of his claim under the policy in place at the time alleging that the policy contained a windstorm and hail exclusion.

Plaintiff filed suit against Allstate in state court for the Parish of Orleans. Allstate subsequently removed to this Court on the basis of diversity jurisdiction. Plaintiff does not contest that the damage to his home was caused by wind but challenges the validity of the endorsement.

## The Parties' Arguments

In support of its motion for summary judgment, Allstate argues that insurance companies are free to limit coverage in any manner they choose as long as it does not conflict with public policy or statutory provisions. LeMarie v. Lone Start Life Ins. Co., No. 00-570, 2000 WL 1678009, *6 (E.D. La. Nov. 7, 2000). Whether such a limitation of coverage is included in a policy itself or in an endorsement on the policy, coverage will be excluded so long as the provision is clear. Id. In other words, it is a matter of determining whether the language of the policy is "clear, unambiguous, and expressive of the intent of the parties." Sea Trek, Inc. v. Sunderland Marine Mutual Ins. Co., Ltd., 757 So. 2d 805, 810 (La. App. 5th Cir. 2000). According to Allstate, endorsements are universally recognized as a method of restricting coverage. LeMarie, 2000 WL 1678009, at *6. Therefore, because the language of the endorsement contained in

Plaintiff's insurance policy is clear and unambiguous,[1] the exclusion should be applied as written.

Allstate also argues that Plaintiff was specifically advised that his policy contained a wind and hail exclusion from its inception[2] and that Plaintiff was offered,[3] and subsequently rejected a wind and hail policy through the Louisiana Fair Plan. Furthermore, Allstate did not charge Plaintiff for wind coverage and Plaintiff did not pay a premium for windstorm coverage.

In opposition, Plaintiff argues that summary judgment is an inappropriate mechanism for the disposition of this case. According to Plaintiff, he never executed an exclusion for wind and hail. He states that since the inception of the policy, he has continually renewed it on an annual basis without any

---

[1] Allstate cites Cindass v. Allstate, in which Judge Engelhardt held that the identical wind and hail exclusion at issue here was clear and unambiguous. No. 06-6267, 2007 WL 3172111 (E.D. La. Oct. 29, 2007).

[2] Plaintiff purchased the policy of insurance on December 13, 1996. There is some discrepancy as to when the wind and hail exclusion went into effect. In the affidavit of Linda Sisson, an Allstate employee who works in the Claim Support Unit, Ms. Sisson states that the endorsement was made a part of the policy when the policy was renewed on December 13, 1999. However, in the affidavit of William Washington, Plaintiff's insurance agent, Mr. Washington states that the policy contained a windstorm or hail exclusion since its inception in 1996.

[3] Allstate attaches the handwritten note of Mr. Washington dated December 2, 2002 which states that Plaintiff was called to discuss the windstorm and hail exclusion and was offered wind and hail coverage through the Louisiana Fair Plan. See Allstate's Exh. 3.

changes. At no time did he instruct, inform, or authorize anyone to change, alter, or decrease his insurance on his home.

Plaintiff states that he has requested through discovery that Allstate produce proof any documents evidencing an acknowledgment of an exclusion to no avail. Furthermore, Allstate has failed to produce a copy of any alleged endorsement signed by Plaintiff regarding the exclusion. Allstate provides only a handwritten note by Agent Washington which indicates that Plaintiff was made aware of the windstorm exclusion on December 2, 2002 when his property was refinanced.[4]

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

---

[4] Plaintiff also states that Allstate has not provided documentation as mandated that the alleged exclusion and endorsement was attached to the insurance policy as defined by Louisiana Insurance Rating Commission (April 21, 2004, Rule 35.6C Windstorm and Hail Exclusion HO 04094). However, Allstate attached a copy of the policy to its motion for summary judgment, which clearly contains the endorsement at issue.

4

588 (1986).

In this case, Louisiana law is applicable because the provisions of an insurance policy are interpreted in accordance with the law of the state where the policy was issued. Adams v. Unione Mediterranea Di Sicutra, 220 F.3d 659, 677-78 (5th Cir. 2000). Under Louisiana law, insurance policies are contracts between the insurer and insured, and are interpreted under contract law as provided by the Louisiana Civil Code. Smith v. Matthews, 611 So. 2d 1377, 1379 (La. 1993). And, if the language in the policy is clear and unambiguous, the policy should be enforced as written.[5] Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc., 958 So. 2d 634, 638 (La. 2007).

The question of whether an insurance contract provision is clear, unambiguous, and enforceable is a question of law for the court to decide. Hardy v. Ducote, 02-1520, 2005 WL 1719206, *2 (W.D. La. July 21, 2005) (quoting First Nat'l Bank of Jackson v. Pursue Energy Corp., 799 F.2d 149, 151 (5th Cir. 1986)). The "Windstorm or Hail Exclusion" at issue in this case provides:

> For a reduction in premium: We do not cover
> any loss to any property covered by this

---

[5] If after applying the general rules of contract, an ambiguity remains, only then is the ambiguous contractual provision to be construed against the insurer and in favor of coverage as per the rule of strict construction. McGuire v. American Southern Home Insurance Co., 969 So. 2d 681, 684 (La. App. 4th Cir. 2007). The strict construction rule applies only if the ambiguous policy provision is susceptible to two or more reasonable interpretations, which is not the case here. Id.

>       policy caused by or consisting of Windstorm
>       or Hail. Such loss is excluded regardless of
>       any other cause or event contributing
>       concurrently or in any sequence to the loss.
>       We do cover sudden and accidental direct
>       physical loss caused by fire or explosion
>       resulting from Windstorm or Hail.

When this provision is read in the context of the entire policy,[6] the windstorm exclusion clearly and unambiguously applies to "any loss to any property covered by this policy by or consisting of Windstorm or Hail."  Allstate, in wording the endorsement as such, and in specifically using ordinary terms, has plainly stated what kinds of damage would not be covered by the policy and under what circumstances.  As a result, this Court determines that the endorsement issued by the Defendant is clear and unambiguous[7] and must be enforced as written.

As for Plaintiff's allegation that he was unaware of and did not authorize any changes to his policy at any time since its inception, insureds are assumed to have read the terms of their insurance policy.  <u>Hayes v. Wells Fargo Home Mrtg.</u>, No. 06-1791,

---

[6] See La. Civ. Code art. 2050 which states that "each provision of a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."

[7] See <u>Cindass v. Allstate</u>, in which Judge Engelhardt held that the identical wind and hail exclusion at issue here was clear and unambiguous.  No. 06-6267, 2007 WL 3172111 (E.D. La. Oct. 29, 2007); see also <u>McGuire</u>, 969 So. 2d 681 (finding that a wind damage exclusion provision issued in a policy pre-Hurricane Katrina was enforceable as the policy unambiguously excluded coverage for wind damage).

2006 WL 3193743. *3 (E.D. La. Oct. 31, 2006).  Policy endorsements are a common way of altering the terms of a policy. While notice to an insured of any exclusionary provisions is essential[8] as an insured will otherwise assume that the desired coverage exists, there is sufficient evidence that Plaintiff received a copy of his policy, including the endorsement.  See Louisiana Maintenance Services, Inc. v. Certain Underwriters at Lloyd's of London, 616 So. 2d 1250, 1253 (La. 1993).  Plaintiff has renewed his policy every year since its inception and was mailed a copy of the policy, including the endorsement, each year.[9]

Furthermore, Plaintiff was specifically advised that his policy contained a wind and hail exclusion and Plaintiff was offered,[10] and subsequently rejected a wind and hail policy through the Louisiana Fair Plan.  As a result, Allstate is

---

[8]  See La. Rev. Stat. 22:634 which provides that "every policy shall be delivered to the insured . . . within a reasonable period of time after its issuance."

[9] While there is some discrepancy based on the evidence presented as to *when* the wind and hail exclusion went into effect, this is not a *material* fact as the policy clearly contained an endorsement excluding coverage for wind and hail which was sent to Plaintiff each year he renewed the policy, dating back to at least December 13, 1999.

[10]  Allstate attaches the handwritten note of Plaintiff's insurance agent dated December 2, 2002 which states that Plaintiff was called to discuss the windstorm and hail exclusion and was offered wind and hail coverage through the Louisiana Fair Plan.  See Allstate's Exh. 3.

7

entitled to summary judgment in this matter as Allstate has clearly excluded coverage for damage by windstorm, which is the same damage complained of by Plaintiff.  Accordingly,

**IT IS ORDERED** that Allstate's **Motion for Summary Judgment (Rec. Doc. 31)** is hereby **GRANTED.**

New Orleans, Louisiana, this 21st day of February, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE